IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALISHA OKOROIGWE, as Independent Administrator for the ESTATE of PHILLIP KEITH JOHNSON, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 13 CV 6887 |
| v. | ) ) | Honorable Judge |
| CITY OF ROCKFORD, a municipal corporation, et al., | ) ) ) | Andrea Wood |
| Defendants. | ) ) ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE TO RENEWED MOTION OF DEFENDANTS TO TRANSFER VENUE**

**NOW COMES** Plaintiff Alisha Okoroigwe, as Independent Administrator for the **ESTATE Of PHILLIP KEITH JOHNSON**, by and through her counsel, **HENDERSON ADAM, LLC**, and responds in opposition to Renewed Motion Of Defendants To Transfer Venue (*See,* Docket No. 92) as follows:

I. **INTRODUCTION**

Before filing suit, it was widely known that the Rockford Police had shot 28 black men between 1992 and January 2012, 15 of those shootings being fatal, and each and every shooting was deemed justified (*See,* January 29, 2012 *Sunday Register Star*, attached as Exhibit A). Given this information, Plaintiff made a conscious decision to file suit in the Eastern Division in order to receive justice and a fair trial. Plaintiff did not wish to pursue an already difficult case against the

1

Rockford Police in the Western Division, which sits in Rockford. Not long after Plaintiff filed suit, Defendant filed a motion to transfer this case to the Western Division, which this Court denied (*See,* Docket No. 46).

On or around August 31, 2015, the parties informed the Court that they would be attending a settlement conference before Retired Magistrate Judge Mahoney on September 29, 2015 (*See,* Docket No. 88). The case did not settle. Days later, Defendants renewed their motion to have this case transferred to the Western Division (*See,* Docket No. 92). Clearly, Defendants are forum shopping. There have been no material changes in the facts or law since Defendants filed their initial motion to transfer. Thus, Defendants' renewed motion should be denied.

## II. PROCEDURAL HISTORY

On January 16, 2014, Defendants filed a Motion To Transfer Venue (*See,* Docket No. 12). On January 17, 2014, Plaintiff filed his response, consenting to a transfer to the Western Division *for discovery purposes only*, but expressing concern about receiving a fair trial in the Western Division (*See,* Docket No. 13). On March 28, 2014, Plaintiff filed a supplemental brief in response to Defendants' Motion To Transfer Venue (*See,* Docket No. 23). On April 11, 2014, Defendants filed a reply in support of their motion to transfer (*See,* Docket No. 25). On August 27, 2014, this Court denied Defendants' Motion To Transfer Venue (*See,* Docket No. 46).

### III. DEFENDANTS' MOTION IS AN IMPROPER MOTION TO RECONSIDER

Although Defendants' motion is titled a "renewed" motion, Defendants fail to cite any legal basis for their filing. The motion is rife with requests for this Court to reconsider its August 27, 2014 ruling. A "motion to reconsider" does not exist under the Federal Rules of Civil Procedure. *Talano v. NW. Med. Faculty Foundation,* 273 F.3d 757, 760 n.1 (7th Cir. 2001). Thus, a motion that seeks to challenge the merits of a ruling by a district court will automatically be considered as having been filed under Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b). *Mares v. Busby,* 34 F.3d 533, 535 (7th Cir. 1994). Defendants' motion is time barred and lacks any legal basis as to both Rule 59(e) and Rule 60(b).

### a. Defendants' Motion Is Time-Barred

This Court denied Defendants' Motion To Transfer Venue on August 27, 2014 (*See,* Docket No. 46). The Renewed Motion Of Defendants To Transfer Venue was filed on October 12, 2015 (*See,* Docket No. 92). A motion to alter or amend a judgment pursuant to Rule 59(e) must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). A motion for relief from a judgment or order pursuant to Rule 60(b) must be made within a "reasonable time," and pursuant to Rules 60(b)(1), (2), or (3) (described in detail below), no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1). Because Defendants' motion to reconsider was filed fourteen months after this Court denied the original motion, the motion to reconsider is time barred under both rules. Thus, this Court should Deny Defendants' motion.

### b. Defendants Have No Legal Basis To File A Motion To Reconsider

Even if this Court does not deny their motion as untimely, Defendants still fail to establish any legal basis under which to file their motion. Motions to reconsider pursuant to Rule 59(e) can be brought for very limited purposes: 1) to correct manifest errors of law or fact; 2) to present newly discovered evidence; or 3) where there has been an intervening and substantial change in the controlling law since the submission of the issues to the district court. *Divane v. Krull Electroc Company, Inc.,* 194 F.3d 845, 848 (7th Cir. 1999).

Defendants do not assert that this Court made any errors as to the law or the facts when denying their Motion To Transfer Venue. In fact, Defendants concede that this case can be properly brought in either the Eastern District or the Western District, and that it is in the Court's discretion as to whether to order an intradistrict transfer (*See,* Docket No. 25, p. 2). Defendants also do not identify any changes in the law since the Court denied their original motion.

Further, there is no newly discovered evidence that would deem a motion to reconsider appropriate. Defendants assert that because the plaintiff has changed from Phillip Johnson, Sr., father of Phillip Johnson, Jr., to Alisha Okoroigwe, aunt of Phillip Johnson, Jr., the Court's analysis should be different. However, this change is not material. Neither Phillip Johnson, Sr. nor Alisha Okoroigwe is an heir of Phillip Johnson, Jr. Mr. Johnson Jr.'s only heirs are his children, who are all minors and thus legally unable to bring suit. Mr. Johnson was never married. Therefore, it is unavoidable that the plaintiff only appears in a representative

capacity. Mr. Johnson Sr. and Ms. Okoroigwe both reside in the Eastern Division. Therefore, the change in plaintiff is immaterial to the Court's analysis.

In the motion to reconsider, Defendants suggest that they have only recently identified the witnesses to this litigation. This is not true. Defendants answered Plaintiff's initial discovery requests on May 30, 2014 (*See*, Certificate of Service, attached as Exhibit B). Their answers to discovery contained documents that identified most, if not all witnesses. Even if Defendants claim that they had not reviewed these documents prior to filing their Motion To Transfer Venue, the witnesses were identified, at the very latest, prior to this Court's ruling on their Motion To Transfer Venue on August 27, 2014. Defendants failed to supplement their briefing to reflect the identification of these witnesses. Further, Defendants identified the witnesses they sought to depose by May 15, 2015 (*See,* Exhibit C, May 15, 2015 Letter from William W. Kurnik). This was still within the one-year timeframe for Defendants to file a motion to reconsider pursuant to Fed. R. Civ. P. 60(b). Clearly, Defendants failed to raise certain arguments before the Court at the appropriate time and are now looking for a chance to correct their mistake. This is not an appropriate basis for a motion to reconsider.

Motions to reconsider pursuant to Fed. R. Civ. P. 60(b) can be brought for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

5

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

*Id.*

As set forth previously, there is no new evidence that justifies a motion to reconsider. Defendants fail to cite a basis to bring this motion pursuant to subsections 1, 3, 4, 5, or even the catch-all provision of subsection 6. Therefore, this motion to reconsider is improper pursuant to Fed. R. Civ. P. 60 (b). Defendants' motion has no basis in the law and should be denied.

**IV. THE RENEWED MOTION OF DEFENDANTS TO TRANSFER VENUE ALSO FAILS ON THE MERITS**

Even if the Court considers Defendants' motion to reconsider on the merits, the motion should be denied.

**a. The interests of justice favor the case remaining in the Eastern Division**

In the first response to Defendants' Motion to Transfer Venue, Plaintiff agreed that at that juncture, the interests of justice favored a transfer to the Western Division *for discovery purposes only* (*See,* Docket No. 13). That response was filed on January 17, 2014, almost 22 months ago. Since that time, the interests

of justice are now balanced in favor of the case remaining in the Eastern Division. "The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system. For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (internal citations omitted).

As this Court concluded in its January 28, 2015 Order and Statement denying Defendants' Motion To Transfer Venue, in considering an intradistrict transfer, the interests of justice analysis is given less weight, as a transfer between divisions does not involve any conflict of laws issues nor does it affect the familiarity of the trial court with the governing law or the availability of unwilling witnesses to receive service of process. *Concrete Structures of Midwest, Inc. v. Treco Const. Services, Inc.*, No. 95 C 50211, 1996 WL 67213 at *3 (N.D. Ill. Feb. 16, 1996). This Court is familiar with the applicable laws. Discovery has been exchanged via United States Mail and electronic mail. In order to facilitate discovery, the parties agreed to depose witnesses in Rockford, Chicago and at the half-way point in Rosemont.

This case was filed in the Eastern Division on September 24, 2013, more than two years ago. Since then, this Court has overseen discovery and ruled on contested

7

motions. This case's pendency in the Eastern Division for over two years has not disturbed the interests of justice. Fact discovery is set to close on December 4, 2015 (*See,* Docket No. 90). By the time this Court rules on the instant motion, fact discovery will be over or almost over. Thus, any concerns about the location of depositions are no longer relevant. Defendants' motion is clearly an attempt to forum shop for trial. The parties have the power to subpoena witnesses from Rockford for trial in Chicago, as Rockford is within 100 miles of Chicago (*See,* Fed. R. Civ. P. 45(c)(1)). This Court is familiar with the facts and the law surrounding the case, and a transfer at this juncture would only serve to delay trial. The efficient administration of the court system demands that the case remain in the Eastern Division.

### b. This Court correctly ruled that Plaintiff's choice of forum should be given considerable weight

This Court correctly held that Plaintiff's choice of forum should be considered by the court. *See, e.g., Roberts & Schaefer Co. v. Merit Contracting, Inc.,* 99 F.3d 248, 254 (7th Cir. 1996). Again, the first plaintiff in this action, Phillip Johnson, Sr., is not an heir of the Estate of Phillip Keith Johnson, Jr. Likewise, the current plaintiff, Alisha Okoroigwe, is not an heir of the Estate. Thus, Defendants are incorrect in their assertion that any material circumstances have changed since this Court's original ruling on their Motion To Transfer Venue (*See,* Docket No. 93, p. 6 - 7). The Court's denial of their motion should stand.

Defendants concede that Plaintiff's choice of forum should be considered, especially when it is plaintiff's home forum (*See,* Docket No. 93, p. 7). *See also, Gulf*

8

*Oil Corporation v. Gilbert*, 330 U.S. 501, 508 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"); *Koster v. (American) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947) ("[T]here is good reason why ... [a case] should be tried in the plaintiff's home forum if that has been his choice") and ("[A] real showing of convenience by a plaintiff who has sued in his home forum will normally outweigh the inconvenience the defendant may have shown"). Plaintiff is a resident of the Eastern Division. Defendants' renewed argument is simply that because Plaintiff is not entitled to monetary compensation, her choice of forum should be entitled to *less* weight. Defendants do not argue, however, that her choice of forum should not be a consideration at all.

### c. Defendants' assertion that all non-party witnesses reside in the Western Division is false

Defendants list several, but not all, non-party witnesses in their renewed motion (*See,* Docket No. 93 at p. 4 – 5). Defendants fail to list former Rockford Police Officer Timothy Shier, who was present for the shooting and now resides in Higginsville, Missouri (*See,* Non-Service Affidavit, attached as Exhibit D). Defendants also fail to list former plaintiff Phillip Johnson, Sr., who lives in Chicago, Illinois and is a non-party witness. He came to the scene after the shooting, and is also a witness to damages.

Adrian Bryant was a Rockford resident at the time of the shooting, but now is in IDOC custody at East Moline Correctional Center (*See,* Exhibit E). Roy Gatlin testified that he is homeless (*See,* Docket No. 93, p.4).

Neither Indalecio Mirelez nor Malisa Smith appeared for deposition (*See,* Docket No. 93, p.4 - 5). To date, these depositions have not been rescheduled and Plaintiff is unaware of any efforts Defendants have made to schedule or even locate either witness. Cortaeja Brown (*See,* Docket No. 93, p.5) also has not been deposed, nor is Plaintiff aware of any plans Defendants have to do so. Thus, it is misleading to suggest that where these witnesses live, or do not live, should bear on Defendants' motion as it relates to trial.

Further, Plaintiff has been disclosed as a witness. She was also present at or near the scene on the night of the shooting. She resides in University Park, Illinois – in the Eastern Division. Even though Defendants have chosen not to depose her, she will be present at trial.

## V. **CONCLUSION**

Defendants' renewed motion is untimely, has no legal basis and should be denied. Even if this Court reconsiders its prior ruling, the balance of interests weighs in favor of the case remaining in the Eastern Division. Defendants' renewed motion is simply a means of forum shopping for trial and should be denied. Plaintiff should be able to have confidence in the justice system, including the belief that she can obtain a fair trial against the Rockford Police, which includes not having to fight the reality, or perception, that the Rockford Police will be favored in Rockford.

**WHEREFORE**, Plaintiff, Alisha Okoroigwe, as Independent Administrator for the Estate of Phillip Keith Johnson, respectfully requests that this Court deny the Renewed Motion Of Defendants To Transfer Venue, and for such other and further relief as this Court deems just.

**DATED:** October 26, 2015

                By: /s/ Victor P. Henderson
                   One of the Attorneys for Plaintiff

Victor P. Henderson
Rebecca R. Kaiser
**HENDERSON ADAM, LLC**
330 South Wells Street, Suite 300
Chicago, Illinois 60606
Phone: (312) 262-2900
Facsimile: (312) 262-2901